UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 13-40033-TSH |
| | ) | |
| ANTHONY CRUZ, | ) | |
| Respondent, | ) | |
| | ) | |

## Memorandum Of Decision
### August 3, 2018

**HILLMAN, D.J.**

### Background

Anthony Cruz ("Cruz" or "Defendant") has filed a motion to vacate his sentence under 28 U.S.C. § 2255 (a "2255 petition"). More specifically, in his 2255 petition, Cruz asserts that he received ineffective assistance of counsel because his lawyer failed to adequately investigate the circumstances surrounding his guilty plea to assault and battery in Massachusetts state court (Clinton District Court).[1] This Memorandum of Decision addresses the merits of Cruz's motion to vacate and his motion to stay.[2]

---

[1] Cruz also alleged that his sentence must be vacated in light of *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), because the Court applied the residual clause of the career offender guideline, *see* U.S.S.G §4B1.2(a)(2) whose wording is identical to that of the statutory language struck down by *Johnson*. Based on the Supreme Court's ruling in *Beckles v. United States,* No. 15−8544, 2017 WL 855781 (Mar. 6, 2017)*,* I have previously dismissed that claim. *See* Docket Entry No. 81.

[2] Defendant's counsel, using the Court's electronic filing system, filed a Reply to Government's Supplemental Brief and Motion For Stay (Docket No. 90). Counsel characterized the filing as a "RESPONSE TO COURT ORDER." For that reason, it does not appear as a pending motion. The Court only recently became aware that the filing included a motion. Moreover, despite the fact that the filing include a motion, it did not contain the requisite L.R., D.Mass. 7.1(a) certification. *See also* LR, D.Mass., 112.1. For that reason alone, the motion should be

**Discussion**

Cruz's Motion to Stay[3]

Cruz acknowledges that his claim that he received ineffective assistance of counsel is not ripe for review because it depends on his returning to state court and successfully challenging the conviction described above. He concedes that he filed this claim prematurely because he feared that if he waited, he would violate the one year statute of limitations governing habeas corpus petitions for prisoners in federal custody, *see* 28 U.S.C. § 2255(f), and/or the bar to filing successive petitions set forth in 28 U.S.C. §2244(b)(2). Citing *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct 1528 (2005), he requests that the Court not dismiss his 2255 petition as the result of the "undeveloped" claim, but instead, stay it and allow him a reasonable opportunity to return to state court and challenge the conviction. In support of his request, he asserts that at the time that he pleaded guilty to the assault and battery case in state court, he thought he was admitting to a civil infraction and not a crime.

In *Rhines*, the Supreme Court recognized that applying the "stay and abeyance" procedure too frequently could undermine Congress' intent under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) to encourage finality in criminal proceedings and to streamline the federal habeas process. *Rhines*, 544 U.S. at 277, 125 S.Ct. 1528. Thus, to obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust the state remedies, the claims are potentially

---

denied. In the future, counsel should follow the preferred practice and *not* file a motion as part of an opposition.

[3]The Government has not filed an opposition to the motion to stay. However, since as previously noted, counsel did not properly characterize this filing and failed to certify that he had complied with LR,D.Mass.7.1(a), I will not assume that the motion is unopposed.

meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 278, 125 S.Ct. 1528. There is little authority on what constitutes "good cause" for failing to exhaust state remedies. Relevant cases from the First Circuit make clear the bar for petitioners is high. *See Josselyn,* 475 F.3d at 5 (1st Cir. 2007)(finding that appellate attorney's erroneous belief that claims had already been exhausted was insufficient to show good cause for a stay).

Cruz states that his failure to exhaust the claim was not due to lack of diligence, despite the fact that as of the date he filed his motion to stay—*he had not made any effort to vacate the conviction in state court.* That is, rather than filing a Mass.R.Crim.P. 30(b) motion immediately upon filing the 2255 petition, Cruz took no action regarding the conviction. He now requests in this Motion to Stay that he be required to file his Rule 30(b) motion within 60 days of the Court's ruling thereon.[4] Moreover, Cruz's failure to diligently pursue this claim is further evidenced by his failure to explain why he has not contacted the counsel that represented him at the state court plea proceeding. More specifically, at the sentencing hearing, Rodriguez's trial counsel in this case expressly stated that he made a conscious decision not to seek to vacate the conviction after reviewing the transcript of the colloquy in the state court proceeding and determining that "[w]e didn't have a viable challenge to that conviction. He knew what he was doing. He pled guilty. He accepted his penalty. It was a 100 fine. It was fairly negotiated." In his memorandum in support of his motion to vacate, Cruz argues that a thorough interview with his state court trial counsel (by his trial counsel in this case), would have revealed that he was told he was pleading to a civil infraction. Yet, Cruz has failed to submit an affidavit from state

---

[4] Given his proposed filing procedure, it is also unclear as to why counsel did not contact the Court and inquire as to the status of his request—that would have alerted the Court that a motion was pending.

court trial counsel to support his contention that he has a basis for challenging his state court conviction. It is not clear why Cruz could not have obtained such an affidavit at the time he filed his motion to vacate—or at the latest, by the time he filed his motion for a stay. His failure to do so not only undermines his assertion that he has diligently pursued this claim, it leaves no basis for the Court to determine that his claim has any potential merit. Under the circumstances, I do not find that Cruz has established good cause for obtaining a stay and therefore, his motion is denied.

## Cruz's Ineffective Assistance of Counsel Claim

Cruz acknowledges that this claim is not ripe for review and therefore, it must be dismissed. Moreover, even if I were to address the claim on the merits, on the record before me, his claim must be denied. The Supreme Court has held that to determine whether a defendant received competent representation for purposes of the Sixth Amendment, the court must examine trial counsel's performance and determine whether counsel's deficient performance deprived the defendant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *Strickland* established a conjunctive, two-step framework for evaluating ineffective assistance of counsel claims. According to that framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. In other words, petitioner must show that (1) counsel's performance was deficient and (2) he was prejudiced thereby. To constitute deficient performance, counsel's actions must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. 205. The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 466 U.S. 668, 104 S.Ct. 2052. If deficient performance is demonstrated, a defendant must also satisfy the prejudice prong of the *Strickland* test by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different*." Id.* at 694, 466 U.S. 668, 104 S.Ct. 2052.

In this case, Cruz's trial counsel investigated whether there was any basis for vacating his state court assault and battery conviction. He obtained a copy of the transcript of the plea colloquy and determined that it was clear that Cruz knew he was pleading guilty to a criminal infraction. As previously stated, it is presumed that counsel's performance falls within a reasonable range of professional judgment. In this case, Cruz has failed to establish that his trial counsel's performance was deficient in any way, never mind that fell below an objective standard of reasonableness. Accordingly, his ineffective assistance of counsel claim fails.

### Certificate of Appealability

"Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' In order to make a 'substantial showing,' a petitioner seeking a Certificate of Appealability must demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further. To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.' " *United States v. Cintron*, 281 F. Supp. 3d 241, 242 (D.Mass. 2017). Given that no reasonable jurists could debate this Court's finding that Cruz's 2255 petition is not ripe for review and a stay is not warranted, a certificate of appealability shall not issue.[5]

### Conclusion

It is Ordered that:

Defendant's Motion To Correct Sentence Pursuant To 28 U.S.C. §2255 (Docket No. 77) is ***denied***. Defendant's request for a stay is ***denied***.

                                                                                                       **/s/ *Timothy S. Hillman*_____**
                                                                                                        TIMOTHY S. HILLMAN
                                                                                                         U.S. DISTRICT JUDGE

---

[5] I have previously denied Cruz a certificate of appealability as to his claim that his sentence was imposed in violation of *Johnson*. *See* Docket No. 81.